**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM LOUIS SCHWARTZ | ) | CASE NO. 04-30154 |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This case comes before the Court on the Motion to Declare Claim Abandoned filed by the Debtor, William Louis Schwartz ("Debtor"). In the motion, the Debtor seeks an order abandoning a claim regarding a 2010 forged retainer agreement and affidavit which was originally filed in William L. Schwartz v. William R. Wilson, et al., 10-CI-008034, in Jefferson Circuit Court. While the Chapter 7 Trustee, Michael Wheatley ("Trustee"), did not object to the motion, William Wilson ("Wilson") filed a response contending that the claim is property of the bankruptcy estate, subject to the Trustee's control. To properly consider the matter, some factual context must be set forth.

**FINDINGS OF FACT**

The Debtor filed this Chapter 7 case on January 9, 2004. Monica Meredith Robinson ("Robinson") was listed as the attorney of record on the bankruptcy petition. On January 12, 2004, Michael Wheatley was appointed as Chapter 7 Trustee. The Trustee conducted the meeting of creditors on February 10, 2004, and on February 13, 2004, the Trustee filed his Report of No Distribution, classifying this case as a no asset case.

On April 13, 2004, the Court granted the Debtor a discharge, issued a Final Decree, and closed the case. On September 7, 2010, a motion was filed to reopen his bankruptcy, ". . . for the purpose of filing [a] motion to avoid lien." Attorney James R. Miller ("Miller") filed this motion on behalf of the Debtor. The Court granted the motion to reopen on September 8, 2010. On

September 20, 2010, the Debtor filed a Motion to Avoid Lien, wherein he sought to avoid the judgment lien of Conseco Finance Corporation. With the Motion to Avoid Lien, the Debtor also filed an affidavit in support of the Motion to Avoid Lien (the "Affidavit"). That Affidavit stated that the failure to file the Motion to Avoid Lien "was not the fault of the Affiant, but that of Affiant's former attorney."

On October 18, 2010, the Court entered an Agreed Order avoiding the Conseco Finance judgment lien. On November 2, 2010, the Court issued a second Final Decree, and re-closed the case.

On December 29, 2010, a second Motion to Reopen was filed by Attorney Kimberly Staples. In the motion, Ms. Staples does not identify for whom she is filing the motion. The purpose of this reopening was to strike from the record the Affidavit mentioned above. The Court granted the Motion to Reopen on December 30, 2010, and on January 10, 2011, a Motion to Strike was filed by Robinson. Presumably, Ms. Robinson filed the motion on her own behalf, as she failed to indicate in the motion for whom she was filing the motion. In the Motion to Strike, Robinson alleged that the Affidavit made false allegations regarding her, and that the signature contained on the Affidavit was not that of the Affiant/Debtor. Robinson attached an affidavit from the Debtor indicating that he at no time retained the services of Robinson to assist him with the filing of this bankruptcy case. He stated that he employed Wilson to assist with the filing of his bankruptcy case. He also stated that he never signed the Affidavit that was filed in connection with the Motion to Avoid Lien.

Eventually, on February 23, 2011, Robinson filed a Notice of Withdrawal of Document(s), wherein she withdrew her Motion to Strike. On February 23, 2011, however, Robinson filed a second Motion to Strike, wherein she stated she "was mistakenly listed as attorney of record upon the initial filing of the case, as an accommodation to Mr. Wilson, [who] filed the case using her

2

CM/ECF login and password." On February 24, 2011, Miller filed a Notice of Withdrawal of Document(s), wherein he withdrew the Affidavit. At the March 1, 2011, hearing on the second Motion to Strike, the Court granted the motion and ordered Miller to be substituted as counsel of record for the Debtor.

On April 6, 2011, upon the Debtor's motion (now represented by new counsel), the Court entered an order reappointing the Trustee for this bankruptcy case. On May 26, 2011, the Trustee filed a Notice of Removal, wherein he removed to the Bankruptcy Court a lawsuit pending in Jefferson County Circuit Court, styled William L. Schwartz v. William R. Wilson; Burress, McAfee & Wilson, PLLC, McAfee & Wilson, a Partnership, Wilson & Collins, a Partnership, Anne W. McAfee, Rodney Burress, and Karen J. Collins (collectively referred to as the "Defendants"). The removed civil action made allegations of negligence and/or fraud.

On February 10, 2012, the Debtor filed Amended Schedules B and C, wherein the Debtor amended Schedule B to include claims against Wilson for professional negligence and fraud, with respect to prior claims of the Debtor against AT&T, Bellsouth, and Communication Workers of America. The Debtor also added claims for professional negligence and vicarious liability against the Defendants. The Debtor then amended Schedule C to include an exemption pursuant to K.R.S. § 427.150(2)(d), with respect to loss of earnings, to the extent reasonably necessary for the support of the Debtor and any dependents.

On March 7, 2012, the Trustee objected to Amended Schedules B and C alleging bad faith on the part of the Debtor. The Trustee contends that the alleged bad faith precludes the Debtor from being able to claim an exemption on these assets. This objection to exemption is still pending.

On May 30, 2012, the Debtor filed a Motion to Declare Claim Abandoned. In that motion, the Debtor sought an order declaring "a claim regarding a forged retainer agreement and affidavit

3

in 2010 which was originally filed in William L. Schwartz v. William R. Wilson, et al., 10-CI-008034, in Jefferson Circuit Court, Division One (1), be abandoned." The Debtor contended that since the claim did not mature until after the filing and conclusion of the bankruptcy, it cannot be an asset of the bankrupt's estate.

On July 16, 2012, the Trustee filed a Motion to Approve Settlement Agreement and Mutual Release Pursuant to Bankruptcy Rule 9019. In the motion, the Trustee sought to approve a settlement of all the Estate's claims against the Defendants. The Debtor objected to this motion, stating the Trustee's proposed settlement attempted to settle a claim that the Debtor asserted was not bankruptcy estate property.

At the July 31, 2012 hearing on pending matters, the Trustee informed the Court that to the extent the Debtor was attempting to abandon claims that were not property of the estate, he did not oppose the Debtor's Motion to Declare Claim Abandoned. However, to the extent the Debtor was attempting to have claims that are property of the estate abandoned, he did oppose the motion. Wilson also opposed the Debtor's motion. Wilson believed that the allegedly post petition claim was still property of the bankruptcy estate, subject to being settled by the Trustee. In light of this position, the Court allowed Wilson until August 7, 2012, to file a memorandum of law in support of his position regarding the abandonment of the 2010 claim, and then allowed the Debtor until August 14, 2012, to file a response. Both parties filed timely memorandums.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is also a core matter under 28 U.S.C. § 157(b)(2)(A)(E) and (O).

The Debtor's motion seeks a declaration that the 2010 claims be abandoned by the Trustee. While the Debtor's motion includes the term "abandoned," what the Debtor is really seeking is a

determination that the claims relating to the 2010 conduct are not property of the estate.[1] If these claims are not property of the estate, they are not "abandoned" from the bankruptcy estate, they simply are not included as estate property. If the claims are estate property, they are subject to the Trustee's control and subject to settlement according to the rules of Bankruptcy Procedure.

The specific issue presented to this Court is whether the Debtor's claim or claims against Wilson for the 2010 actions are property of the bankruptcy estate. The Debtor contends that because these actions took place several years after the filing and closing of the bankruptcy case, the claims are not bankruptcy estate property. Conversely, Wilson contends the claims are tied into pre-petition actions and thus estate property subject to the Chapter 7 Trustee's control.

Wilson first notes that the alleged tortious conduct is "sufficiently rooted in [Schwartz's] prepetition past" and therefore "property of [the Debtor's] bankruptcy estate." He argues that the 2010 conduct directly ties into the malpractice that Wilson may have been committed back in 2004, when he failed to properly address the judgment lien. "But for Wilson's action and inaction prior to the petition date, the lien would have been avoided in January 2004. It was those same actions that necessitated reopening the case in 2010 to avoid the lien and prompted the filing of the affidavit at issue." Wilson contends the 2010 misconduct is simply "fruit 'rooted in'" the Debtor's pre-petition past. Wilson cites In re Parker, 368 B.R. 86, *8 (B.A.P. 6th Cir. 2007) (citing Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v. Alvarez (In re Alvarez), 224 F.3d 1273 (11th Cir. 2000) (holding that the debtor's cause of action arose directly from his pre-petition interactions with a law firm, thus it constituted property of his estate) and In re J.E. Marion, Inc., 199 B.R. 635, 637 (Bankr.

---

[1] While the Debtor's motion uses the term "abandoned" in its title, the Debtor does not cite 11 U.S.C. § 554, which governs abandonment under the Bankruptcy Code. Nor does the motion allege any of the prerequisites for abandonment under that section (burdensome to the estate or of inconsequential value and benefit to the estate).

5

S.D. Tex. 1996) (finding that legal malpractice claims against the debtor's bankruptcy counsel were property of the bankruptcy estate).

The Debtor contends the claim at issue is for fraud against Wilson, and not a negligence claim. The Debtor argues he should be allowed to prosecute this fraud claim and allow the triers of fact to decide whether to make an award of damages for the alleged fraud. The Debtor then states this post petition claim for fraud "does not have sufficient nexus to make this claim for fraud part of the bankrupt estate." The Debtor contends these 2010 actions are "not sufficiently rooted in the Debtor's pre-petition past to be an asset of the bankruptcy estate." The Debtor tries to distinguish the cases cited by Wilson by noting that those claims addressed negligence rather than fraud. The Court is unsure why the nature of the claim has any bearing on whether the claim is bankruptcy estate property. The Debtor then goes on to note that the fraud claim would not be covered by Wilson's professional liability insurance policy, it should be treated separately from the claims of legal negligence. Again, the Court is unsure what bearing the insurance coverage has on the issue of whether the claims are bankruptcy estate property.

Generally speaking, the filing of a bankruptcy petition under Chapter 7 of the Bankruptcy Code creates a bankruptcy estate. Under 11 U.S.C. § 541 of the Bankruptcy Code "property of the estate" consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. The question presented to this Court is the status of legal claims that accrue after the filing of the bankruptcy petition.

In Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511 (1966), the Supreme Court held that a post petition refund claim was "sufficiently rooted in the pre-bankruptcy past . . . that it should be regarded as 'property'...." Id. at 380. As the Sixth Circuit held in In re Parker, 368 B.R. 86, 2007 WL 1376081(B.A.P. 6th Cir. May 10, 2007), the term "property of the estate" as used in § 541(a)

6

supports this extremely broad interpretation. "Consequently, the question in this case is not whether the malpractice claim accrued, ..., prior to [the Debtor] filing bankruptcy, but whether the malpractice claim is sufficiently rooted in [the Debtor's] prebankruptcy past to constitute property of the estate." Id. at *7.  See also Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v. Alvarez (In re Alvarez), 224 F.3d 1273 (11th Cir.2000) (bankruptcy estate included debtor's cause of action arising directly from debtor's pre-petition interactions with law firm).

Upon examination of the facts in this case, the Court must hold that the 2010 claims are tied directly into the pre-petition malpractice action. But for the negligent handling of the case at its inception, there would not have been a need for the 2010 forged affidavit and retainer agreement. Thus, the pre-petition malpractice is directly tied together with the 2010 efforts to correct the earlier negligence. The Court must recognize the connections between these two actions and must conclude that the 2010 actions are directly rooted in the pre-petition past.

Although the Debtor attempts to distinguish negligence claims from fraud claims, his argument is not persuasive. Assuming arguendo that Wilson's actions were fraudulent rather than negligent, there is no legal justification for treating a fraud claim different from a negligence claim when determining whether a particular claim is property of the bankruptcy estate. Likewise, the existence or lack of existence of insurance coverage has no bearing on this determination either. The Debtor provides no legal support for either of these distinctions. The Debtor's strongest argument is simply a chronological one, that since the 2010 actions took place post petition, any claims for those actions are not property of the estate. The relevant inquiry, however, is whether the claims are rooted in the prebankruptcy past, and as stated above, it is this Court's opinion that they are.

Because the 2010 claims are rooted in the prebankruptcy past, they are included as property of the bankruptcy estate and will not be declared "abandoned" as requested by the Debtor. As the

claims are estate property, they are subject to settlement by the Chapter 7 Trustee. Accordingly, by separate order, the Court will address the motion to approve settlement. An Order incorporating this Memorandum will be entered this same date.

*Alan C. Stout*
Alan C. Stout
United States Bankruptcy Judge
Dated: October 17, 2012

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

In re:                                          )
                                                )
WILLIAM LOUIS SCHWARTZ                          )    CASE NO. 04-30154
                                                )    CHAPTER 7
Debtor(s)                                       )
_____ )

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claim regarding a 2010 forged retainer agreement and affidavit is property of the bankruptcy estate and the Debtor's Motion to Declare Claim Abandoned is **DENIED**.

Alan C. Stout
United States Bankruptcy Judge

Dated: October 17, 2012