UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| WILLIAM LOUIS SCHWARTZ | ) | CASE NO. 04-30154 |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

**MEMORANDUM**

The above-styled case comes before the Court on the Motion to Approve Settlement Agreement and Mutual Release Pursuant to Bankruptcy Rule 9019 ("Motion") filed by the Chapter 7 Trustee, Michael E. Wheatley, for the Bankruptcy Estate of William L.Schwartz ("Trustee"). In the Motion, the Trustee seeks approval of a Settlement Agreement with the Defendants, William Wilson, Burress, McAfee & Wilson, PLLC, McAfee & Wilson, a partnership, Wilson & Collins, a partnership, Anne McAfee, Rodney Burress, and Karen Collins (collectively referred to as "Defendants"). The Debtor, by counsel, filed an Objection to Motion to Approve Settlement Agreement and Mutual Release Pursuant to Bankruptcy Rule 9019. As discussed more fully below, the Court will approve the settlement.[1]

**I. Factual Background**

To properly consider the Motion, the Court will provide a brief factual context. On January 9, 2004, the Debtor filed for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Kentucky. On December 6, 2010, the Debtor filed suit against Defendants in Jefferson County Circuit Court, styled William Schwartz v. William R. Wilson, et al. On May 26, 2011, Trustee removed the Jefferson County action to this Court. On July 13, 2012, all parties engaged in a mediation conducted by the Honorable Ann Shake.

---

[1] This case closely mirrors the In re Ridley case, Case No. 10-33350, wherein the Court previously approved a settlement on nearly identical factual and legal grounds.

At the conclusion of the mediation, a settlement between the Trustee and the Defendants resulted and the parties entered into the Settlement Agreement and Mutual Release.

The settlement between the Trustee and the Defendants provides that, upon approval of this Court and entry of a final order, and in full and final satisfaction of Trustee's claims against Defendants, Lawyers Mutual Insurance Company of Kentucky will pay the Estate of William Schwartz, Forty-Six Thousand Dollars ($46,000.00).

On July 16, 2012, the Trustee filed the Motion currently before the Court. The Trustee seeks approval of the Settlement Agreement with the Defendants. The Trustee is of the opinion that the settlement benefits the Schwartz Bankruptcy Estate and avoids further litigation expense. The Trustee believes the settlement is appropriate at this time in order to avoid further discovery and possibly a trial and appeal, which would reduce funds available for the Bankruptcy Estate. The Trustee states that this settlement adequately and accurately recognizes the risks and costs of continued litigation, and in his best business judgment, it is in the best interest of the Debtor's Bankruptcy Estate. As discussed more fully below, the Debtor objected to the Motion.

## II. Legal Discussion

Generally speaking, the law favors compromise and not litigation. In re Fishell, 47 F.3d 1168 (6th Cir. 1995) (citing In re A & C Props., 784 F.2d 1377 (9th Cir. 1986)). To facilitate this policy, Bankruptcy Rule 9019(a) authorizes a trustee to seek a compromise or settlement of claims available to the debtor, upon motion and after notice and a hearing. See Fed. R. Bankr. P. 9019(a). The purpose of such a compromise agreement "is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." In re A & C Props., 784 F.2d 1377, 1380-81 (9th Cir.1986). The bankruptcy court is charged with an

affirmative obligation to apprise itself "of all facts necessary to evaluate the settlement and make an 'informed and independent judgment'" as to whether the compromise is fair and equitable. LaSalle Nat'l Bank v. Holland (In re Amer. Reserve Corp.), 841 F.2d 159, 162-63 (7th Cir.1987) (quoting Protective Commonwealth. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)).

The United States Supreme Court has instructed bankruptcy courts engaged in making such determinations to "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, Inc., 390 U.S. at 424. From this directive, federal courts have developed four separate factors a bankruptcy court should consider when determining if a compromise or settlement should be approved. These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

With respect to the first prong to consider, the probability of success on the merits, as in the Ridley case, while the Court believes the Trustee has a strong probability of prevailing against some of the Defendants, claims against other Defendants are more tenuous. Thus, this factor neither leans for nor against approving the Settlement Agreement.

Turning to the second factor, the difficulties, if any, to be encountered in the matter of collection, this factor, like the first, has several different components. Again, as in the Ridley case, the Trustee, if successful, would likely have no difficulty collecting against some of the Defendants.

3

Other Defendants are virtually judgment proof, having little or no assets. Thus, as before, this factor leans neither in favor nor against approving the Settlement Agreement.

With respect to the third prong, the complexity of the litigation, the expense, the inconvenience and delay, the Court finds this factor clearly weighs in favor of approving the Settlement Agreement. Malpractice claims are almost by definition somewhat complex. Factoring in the claims against the numerous other parties compounds the complexity problem. Clearly, the expense involved in the continued litigation, and possible appeal, cause the Court to lean toward approving this settlement. Discovery costs, trial costs, appeal costs, and attorney's fees are all likely to be substantial should the Trustee be forced to continue with this litigation. Likewise, the delay involved with a full trial, as well as the probable appeal, weighs in favor of approving this settlement. This is a 2004 case, and as such, the Trustee should be acting with some degree of urgency in resolving Estate claims and making distributions to creditors. Thus, this factor clearly weighs in favor of approving the compromise.

Finally, the fourth factor to consider, the paramount interest of the creditors and a proper deference to their reasonable views, also weighs in favor of approving this settlement. The Trustee is charged with representing the interests of the Bankruptcy Estate and its creditors. The Court is reluctant to disregard the business judgment of the Trustee with respect to settlement of the Estate's claims. As such, the Court finds that the paramount interest of the creditors weighs in favor of approving the Trustee's settlement with the Defendants. Moreover, having a relatively quick settlement distribution to creditors benefits all parties.

As stated above, the Debtor objected to the Motion. The Debtor notes that the compromise seeks to settle a claim arising from actions that took place after the filing of the bankruptcy petition.

Since the filing of this objection, however, the Court has recently ruled that although the actions took place post petition, they were "rooted in the prebankruptcy past" and, as such, are property of the bankruptcy estate and subject to being settled by the Trustee.

The Debtor also takes issue with a provision of the Settlement Agreement that provides as follows: "[t]he terms of this Release and Settlement Agreement are fully and wholly contingent on the Trustee resolving all pending claims by, from, and through Thomas Atkins, and the Trustee being able to act fully and wholly on behalf of the Bankruptcy Estate of William L. Schwarz." Debtor's counsel complains that, notwithstanding that specific language, he has not received any communication from the Trustee's counsel regarding any aspect of the claim. The Court is unsure why the parties included this language in this settlement. Nevertheless, as decided by the Court on the Motion to Declare Abandoned filed by the Debtor, the Court has ruled that the Bankruptcy Estate "owns" the claims being settled. As such, the Court can see no reason why the Trustee should have to contact Debtor's counsel regarding the settlement of the claim. While the Court always encourages communication between parties, the failure to communicate to Debtors' counsel is not grounds for not approving the Settlement Agreement.

The Debtor also objects to the compensation being paid to the Trustee and his counsel. The Debtor believes the Trustee should have handled the settlement differently and possibly reduced some of the Estate's share of the expenses for the mediation. The Debtor also alleges the Trustee deliberately kept this case separate from the settlement in the Ridley case, in order to increase their compensation to themselves. The Court takes this allegation seriously, and Debtor's counsel should be very careful before ascribing motivations onto other's actions. Nevertheless, the Court will not micro-manage how the Trustee handles the administration of multiple cases. Additionally, the Court

cannot fault the Trustee for segregating the administration of separate lawsuits involving multiple debtors and multiple defendants. If, in his discretion, the Trustee chose to keep these matters separate, the Court will not gainsay the Trustee's choice, and the Court will certainly not infer a nefarious justification, absent something more than Debtor's counsel's suspicions. Finally, if the Debtor has a legitimate concern or objection to the compensation of the Trustee and his counsel, the Debtor is always free to object when the Trustee and his counsel apply for compensation.

### III. Conclusion

To summarize, this Court finds, when considering the totality of the circumstances, that the four factors for the Court to consider when ruling upon motions to compromise compel the Court to approve the Settlement Agreement. The Debtor's objection is overruled. This settlement is fair and clearly in the best interest of the Bankruptcy Estate. The Court has entered an Order this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: October 17, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| WILLIAM LOUIS SCHWARTZ | ) | CASE NO. 04-30154 |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** that the Motion to Approve Settlement Agreement and Mutual Release Pursuant to Bankruptcy Rule 9019 is **APPROVED.**

It is further **ORDERED** that the Debtor's Objection to the Motion to Approve Settlement Agreement and Mutual Release Pursuant to Bankruptcy Rule 9019 is **OVERRULED.**

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: October 17, 2012